**IN THE U.S FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **Nia Lucas**<br>**320 Missouri Ave**<br>**Washington, DC 20111**<br>     **Plaintiff,**<br><br>     vs.<br>**Tami Perriello, Administrator,**<br>**U.S. Small Business**<br>**Administration (SBA)**<br>**409 3rd Street. SW.**<br>**Washington, DC 20416**<br>     **Defendant.** | )<br>)<br>)  Case No: <u>21-cv-296</u><br>)<br>)<br>)  <u>**Jury Demand**</u><br>)  For Violations of the Fair<br>)  Labor Standards Act (FLSA), 29<br>   U.S.C §203 et seq. |

## Introduction.

Plaintiff Nia Lucas, a former employee of the U.S Small Business Administration (SBA), brings this action for unpaid wages under the U.S Fair Labor Standards Act (FLSA), 29 U.S.C §203 et seq, against the Defendant the Small Business Administration. Lucas alleges that during the January 2018 government shutdown, the SBA refused to pay her for work performed, and again when she was furloughed. Lucas also alleges that SBA intentionally withheld her wages in retaliation of her FLSA protected activities.

Consequently, an action for violation of the FLSA now follows.

**Part I. Parties**

1. Plaintiff Nia Lucas is an adult resident of the District of Columbia. She was an employee of the SBA from 2017 to 2020. Lucas is an employee of the SBA under 29 U.S.C. § 203 (e) of the FLSA.

2. Tami Perillo is the Acting Administrator of the U.S Small Business Administration (SBA) as of the date of this filing. The SBA is a federal agency, that provides counseling, capital and contracting expertise to small business in the United States. The SBA is an employer of the Plaintiff under 29 U.S.C. § 203 (d) of the FLSA.

**Part II. Jurisdiction & Venue**

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 for actions under the U.S Fair Labor Standards Act (FLSA) 29 U.S.C §203 et seq.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**Part III. Statement of Facts**

5. In 2010, Plaintiff was declared to be a disabled veteran because of her services in the US Armed Forces.

6. Plaintiff was employed with the Small Business Administration (SBA) from 2017, until the time of her placement on Federal Worker's Compensation and permanent disability retirement in 2020. Lucas was employed with the Office of Women's Business Ownership (OWBO) Office of Entrepreneurial Development within the SBA.

7. Lucas was employed as a Program Analyst at the SBA, GS 13 Step 2 with an approximate annual salary of $100,203. Lucan earned an hourly wage of approximately $48.17.

8. For the allegations relevant to this action, Bruce Purdy, the then Deputy Director of OWBO was Lucas' first line supervisor. Lucas' second line supervisor was Lori Gill, the previous Deputy Associate Administrator of the Office of Entrepreneurial Development. Allen Gutierrez Associate Administrator of the Office of Entrepreneurial Development was her third line supervisor. The Chief Human Capital Officer at the time was Elias Hernandez.

9. The above supervisors' exercised control over the operations of Lucas' office; its regular operations including all wages and salaries paid to Lucas.

10.   From 2017, to all periods thereafter, Lucas was eligible to earn overtime, at a rate of approximately $72.76/hour.

11. In January 2018, Lucas sought the ability to telework full-time. She was approved for temporary telework in January 2018.

12. Also, in January 2018, because of the US government shutdown, federal employees were furloughed from January 20, 2018 to January 22, 2018.

13. On January 22, 2018 Lucas was requested to perform "winding down duties" at home. Lucas as part of her "winding down duties" worked for 6 hours during the government shutdown period and at noon was furloughed.

14. The SBA paid other employees during the furlough period on or about February 2018.

15. The SBA has intentionally refused to pay Lucas for the 6 hours worked, and the period she was furloughed on January 2018.

16. On January 22, 2018 the 115th Congress passed a Continuing Resolution [S. Con. Red. 33 Enrolled Bill (ENR)] which stated "Sec. 154 (a) Employees furloughed as a result of any lapse in appropriations which begins on or about January 20, 2018, shall be compensated at their standard rate of compensation, for the period of such lapse in appropriations, as soon as practicable after such lapse in appropriations ends."

17. On January 24, 2018, the U.S Office of Personal and Management (OPM) issued a memorandum, that furloughed employees should receive wages for work performed (Ex. **A**).[1]

18. Lucas then engaged in FLSA protected activities and asked SBA when she would be getting paid for her January 2018 wages.

19. On or about February 6, 2018, Purdy sends Lucas an email, informing her that she would get paid four (4) hours only for the day of the furlough, because the Human Resource Office had determined that it was reasonable.

20. On May 8, 2018, the SBA also started removal proceedings against Lucas, in retaliation of her protected activities.

21. In the removal, Purdy charged Lucas with having worked without authorization.

22. Additionally, because there were no DOL issued wage and hour posters at the SBA, Lucas is also alleging tolling for wages withheld under the FLSA.

---

[1] See also S.Con. Res. 33 available at, https://www.govinfo.gov/content/pkg/BILLS-115sconres33enr/html/BILLS-115sconres33enr.htm

## Part IV. Causes of Action

### COUNT I: Intentional Violation of the FLSA
### 29 U.S.C. §209 et seq.

23. Plaintiff alleges and incorporates by reference all of the above allegations.

24. Under the Fair Labor Standards Act (FLSA), an employer is required to pay all wages of an employee, 29 U.S.C. §209 et seq.

25. The Defendant intentionally refused to pay Lucas her wages due under the federal laws and/or the FLSA.

26. Defendant's violation of the FLSA was intentional, willful and in bad faith as Defendant's knew Plaintiff was not receiving her wages.

27. Defendant's also violated the FLSA by withholding wages and checks and not paying the Plaintiff in a timely manner, including any wages for incidentals.

28. Under the FLSA, any employer who pays an employee less than the wages due, to which that employee is entitled, shall be liable to that employee in the amount of the unpaid wages, and an additional amount as liquidated damages for a willful violation.

29. By reason of Defendant's violations, the Plaintiff is entitled to all the remedies under the FLSA, including her attorney's fees.

**COUNT II. Retaliation under the FLSA**
**29 U.S.C. §209 et seq.**

30. Plaintiff reincorporates by reference all the allegations above.

31. The Defendant is bound by the dictates of the FLSA, 29 U.S.C. §209 et seq. The FLSA also prohibits retaliation.

32. Subsequent to Lucas engaging in protected FLSA activities, she was retaliated against by the SBA when it deemed that her hours worked during the January 2018 periods, were grounds to discipline and/or to terminate Lucas.

33. The Defendant's retaliation caused the Plaintiff to suffer economic losses, physical injury, mental and emotional distress, embarrassment, humiliation and indignity.

34. This intentional, reckless, and/or willful act by the part of Defendant's constitutes a violation of Plaintiff's statutory rights under the FLSA.

Page **7** of **8**
Lucas v. SBA
Civil Complaint

35. By reason of Defendant's actions, the Plaintiff is entitled to all legal, liquidated and equitable remedies under the FLSA including her attorney's fees.

## Part V. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Nia Lucas, prays that this Honorable Court:

Declare that the Defendant the U.S Small Business Administration:

a. Knowingly and intentionally violated the Fair Labor Standards Act, 29 U.S.C. §209 et seq.,
b. Award judgment for Plaintiff's economic damages in amounts according to proof as provided for under the FLSA;
c. Award pre-judgment interest;
d. Award interest due on unpaid wages;
e. Award reasonable attorney's fee and the costs of this action as provided in the FLSA; and,
f. Award any and all other further relief this Honorable Court deems just and proper.

## PART VI. Jury Demand

Plaintiff request a trial by jury on all counts.

**Respectfully Submitted,**

/s/ A.J Dhali
D.C. Bar No. 495909
Dhali PLLC
1629 K. Street. NW. Suite 300
Washington D.C. 20006
T: (202) 556-1285
F: (202) 351-0518
Email: ajdhali@dhalilaw.com
*Attorney for the Plaintiff Nia Lucas*
*Monday February 1, 2021*

**Enc. Exhibit A**

1/29/2021 Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ Document 1 Filed 02/01/21 Page 9 of 14



About  Members  Meetings  Transmittals

# Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials

**EXHIBIT A**

Wednesday, January 24, 2018
CPM 2018-03



UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
Washington, DC 20415

The Director

MEMORANDUM FOR: CHIEF HUMAN CAPITAL OFFICERS

From: KATHLEEN M. McGETTIGAN, ACTING DIRECTOR

Subject:

Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials

The President has signed legislation restoring appropriations through February 8, 2018, or the date of enactment of specified appropriations legislation. (See section 2001 of Division B of H.R. 195, enacted on January 22, 2018.) This memorandum provides

1/29/2021　　Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ   Document 1   Filed 02/01/21   Page 10 of 14

guidance on the effect of this legislation on certain Federal employee pay and leave benefits.

**Pay and Leave for Employees Affected by the Lapse in Appropriations**

The legislation allowed all Federal civilian employees who had been affected by the lapse in appropriations that began on or about January 20, 2018, to return to duty. In addition, the legislation provides retroactive compensation for furloughed Federal employees covering the period of the lapse in appropriations. The purpose of this portion of the legislation is to make furloughed Federal employees whole by ensuring that they receive their "standard rate of compensation" for the entire period of the lapse in appropriations as soon as practicable after the lapse in appropriations ends.

The attached guidance has been prepared by the U.S. Office of Personnel Management (OPM) in consultation with the Office of Management and Budget (OMB). It is intended to assist agencies in administering pay and leave for employees affected by the lapse in appropriations. This includes employees who were furloughed and employees designated as "excepted" from the furlough pursuant to the applicable legal requirements—e.g., employees required to respond to emergencies involving the safety of human life or the protection of property or employees performing functions related to the orderly suspension of agency operations.

**Continued Pay Freeze for Certain Senior Political Officials**

Section 2001 amended the Continuing Appropriations Act, 2018, division D of Public Law 115-56. Under section 101(a) of that Act, the authority and conditions provided in FY 2017 appropriations laws continue to apply during the period specified in the Act, as amended. This language means that the freeze on the payable pay rates for the Vice President and certain senior political appointees at 2013 levels—as provided in section 738 of division E of the Consolidated Appropriations Act, 2017, Public Law 115-31, May 5, 2017—continues through February 8, 2018, or the date of enactment of new appropriations legislation. Future Congressional action will determine whether the pay freeze continues beyond February 8, 2018. OPM will issue separate guidance regarding whether this pay freeze will be continued or terminated. Until such time, the OPM guidance on the 2017 pay freeze for certain senior political officials is generally applicable in applying the pay freeze in 2018. (See OPM guidance memoranda CPM 2017-05 at **https://www.chcoc.gov/content/continued-pay-freeze-certain-senior-political-officials** and CPM 2018-02 at **https://www.chcoc.gov/content/continued-pay-freeze-certain-senior-political-officials-1**.)

**Additional Information**

For additional guidance, agency headquarters-level human resources offices may contact the OPM contacts listed in the attachment. Employees should contact their agency human resources offices for assistance.

Attachment (see below)

cc: Human Resources Directors

**Attachment: 2018 Furlough and Pay and Leave Benefits**

**Pay**

1/29/2021 Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ Document 1 Filed 02/01/21 Page 11 of 14

- An excepted employee who performed work during the lapse in appropriations may be paid for that work.

- For periods of time during which an employee was furloughed due to the lapse in appropriations that began on or about January 20, 2018, and ended on January 22, 2018, the employee must receive the same pay he or she would have received for an equivalent amount of work performed for the agency.  Therefore—

    1. An employee is entitled to receive his or her rate of basic pay for the furlough time to the extent that he or she would have been in a basic pay status but for the lapse of appropriations;
    2. For the purpose of applying General Schedule waiting periods associated with within-grade increases, the furlough time during the lapse in appropriations is treated as time in pay status;
    3. A furloughed employee who, during the lapse in appropriations, had been regularly scheduled to perform overtime work or to perform work at night or during a period for which any other form of premium pay would otherwise be payable is entitled to receive overtime pay, night pay, or other premium pay as if the work had been performed;
    4. Allowances, differentials, and other payments otherwise payable on a regular basis (e.g., administratively uncontrollable overtime pay and law enforcement availability pay) must be paid as if the furloughed employee actually continued to work;
    5. All periods of time during which a furloughed employee would, but for the lapse in appropriations, have been in a pay status (including regularly scheduled overtime hours and standby duty) must be considered "hours of work" for pay administration purposes under the Fair Labor Standards Act; and
    6. For the furlough time during the lapse in appropriations, an employee may not be charged any form of paid leave (i.e., annual leave, sick leave, or other paid leave), compensatory time off in lieu of overtime, compensatory time off for travel, religious compensatory time off, or credit hours under a flexible work schedule.

    NOTE:  Employees should follow the guidance of their respective Shared Service Payroll Providers for the recording of time and attendance to ensure that all employees are paid at their standard rate of compensation.  Employees may be required to code furlough time as regular duty to ensure that they are paid properly and promptly.

**Leave Accrual for Furloughed Employee**

An employee furloughed during the lapse in appropriations must now be considered to have been in a pay status to the extent that he or she would have been in a pay status but for the lapse in appropriations.  As a result, agencies must adjust the employee's leave account for proper recredit of any lost accrual of annual and sick leave due to being in a nonpay status.  Since the employee is retroactively placed in a pay status, annual and sick leave will accrue in accordance with the normal rules.

**Preapproved Leave Without Pay (LWOP)**

In the case of an employee who was on preapproved LWOP during the lapse in appropriations, absences from January 20, 2018, until the end of the lapse in

1/29/2021 Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ Document 1 Filed 02/01/21 Page 12 of 14

appropriations, must continue to be charged to LWOP for the duration of the period of approved LWOP.

**Family and Medical Leave Act (FMLA)**

Under FMLA an employee is entitled to 12 weeks of unpaid leave during any 12-month period and may elect to substitute paid leave (including annual leave, sick leave, or any other form of paid time off), consistent with current laws and OPM's regulations. During the lapse in appropriations, affected employees who would otherwise be in pay status must be (1) at work performing excepted activities, or (2) furloughed. Agencies were instructed to cancel any paid leave (including FMLA paid leave) during the furlough period. Under the recent legislation, furloughed Federal employees are made whole by ensuring that they receive their "standard rate of compensation" for the entire period of the lapse in appropriations. For employees who were otherwise scheduled to be in nonpay status, the standard rate of compensation is zero. Accordingly, employees on FMLA leave during the furlough period, should be treated as follows:

- **FMLA LWOP Throughout Furlough Period.** An employee scheduled and preapproved to take LWOP under FMLA throughout the furlough period continues to be charged LWOP. The employee is not entitled to receive retroactive pay.

- **Scheduled Use of Both Unpaid and Paid FMLA Leave Intermittently.** For any days during the lapse in appropriations on which an employee was previously scheduled to be in LWOP status under FMLA, the employee will remain in that status. For any days during the lapse in appropriations on which the employee was scheduled to be in FMLA paid leave status, the employee will be provided retroactive pay and will not be charged paid leave, consistent with the treatment of other employees who had previously scheduled paid leave that was cancelled due to the lapse in appropriations.

- **12-week Entitlement.** Since the legislation provided for retroactive application of the employee's "standard rate of compensation," the employee will continue to receive any previously invoked FMLA coverage during the furlough period and covered time (paid or unpaid) counts toward the 12-week entitlement.

**Alternative Work Schedules (AWS)**

Each agency should have a policy specifying when flexible work schedules must be established and when they may be changed. Normally, such schedules are established in advance of the pay period involved. Under such a policy, an AWS nonworkday cannot be changed after the pay period begins.

**Documentation of Personnel Actions**

- Prior to the lapse in appropriations, agencies were instructed not to prepare SF-50 documentation of the furlough and advised that further instructions on the appropriateness of preparing an SF-50 would be provided once appropriations had been signed. Accordingly, agencies do not have to process an SF-50 to document the shutdown furlough that began on or about January 20, 2018, nor should the furlough be recorded with any document designated for long-term filing in the Official Personnel Folder (and if SF-50s were processed in error documenting the furlough such SF-50s must be cancelled citing 001/Cancellation with legal authority ATM/5 U.S.C. 302).

1/29/2021 Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ Document 1 Filed 02/01/21 Page 13 of 14

- Agencies need not provide a furlough notice to an employee who did not receive a notice during the lapse in appropriations.

**OPM Contacts**

Employees should contact their human resources office for additional information. Human Resources may contact the following OPM offices:

- Pay and Leave: **pay-leave-policy@opm.gov**
- Labor Relations: **awr@opm.gov**
- Furlough of SES Appointees: **sespolicy@opm.gov**
- Documentation of Personnel Actions: **persdoc@opm.gov**
- Reduction in Force, Details, Outside Employment:  **employ@opm.gov**

*Printer-friendly version*

# Recent Transmittals

**Pay and Benefits for Noncareer Appointees Who Resign on Inauguration Day**

From::
DENNIS DEAN KIRK, ESQ., EMPLOYEE SERVICES, ASSOCIATE DIRECTOR
Sun, 01/17/2021

**Technical Amendments Related to Family and Medical Leave and Paid Parental Leave under Section 1103 of the National Defense Authorization Act for Fiscal Year 2021**

From::
MICHAEL J. RIGAS, ACTING DIRECTOR
Thu, 01/14/2021

**Update on the Federal Government Status for Employees Located in the Washington, DC, Area Surrounding the Inauguration**

From::
MICHAEL J. RIGAS, ACTING DIRECTOR
Wed, 01/13/2021

## User login

Username *

1/29/2021, Pay and Leave for Employees Affected by the Lapse in Appropriations and Continued Pay Freeze for Certain Senior Political Officials | C…

Case 1:21-cv-00296-ABJ Document 1 Filed 02/01/21 Page 14 of 14

